**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**HONEYWELL INTERNATIONAL INC., et al.,**

**Plaintiffs,**

**v.** **Case No. 8:26-cv-2146-KKM-AAS**

**GARY ARMITAGE.,**

**Defendant.**

______________________________________/

# ORDER

Plaintiffs Honeywell International Inc. and Honeywell LNG LLC (together, Honeywell) move for leave to file under seal Exhibit A and Exhibit C to the Motion for Preliminary Injunction. (Doc. 16).[1]

The public has a common-law right to access judicial proceedings, including the right to inspect and copy public records and court documents. *See Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). However, "[t]he common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential."

[1] A prior order (Doc. 8) cautioned Honeywell about its noncompliance with the court's typography requirements. Nonetheless, Honeywell's latest motion (Doc. 16) again fails to comply. Honeywell is directed to review Local Rule 1.08 and conform its future filings to the rule's requirements.

*Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). In balancing a party's interest in keeping the information confidential against the public interest in accessing court documents, the court considers these factors:

> (1) whether allowing access would impair court functions or harm legitimate privacy interests;
>
> (2) the degree and likelihood of injury if made public;
>
> (3) the reliability of the information;
>
> (4) whether there will be an opportunity to respond to the information;
>
> (5) whether the information concerns public officials or public concerns; and
>
> (6) the availability of a less onerous alternative to sealing the documents.

*Id.*

Here, the party's interest in keeping the information confidential outweighs the common law right of access. Exhibits A and C reveal Honeywell's proprietary information and trade secrets including "detailed photographs and descriptions of proprietary designs and engineering techniques." (Doc. 16, p. 4). If Exhibits A and C were made public, there is a high degree and likelihood of injury. The Exhibits are necessary to file because the basis of this lawsuit is to protect the plaintiffs' proprietary information and trade secrets, and the Exhibits contain the secret information the plaintiffs desire to protect. Further, the trade secrets are not of public concern. *See Barkley v. Pizza Hut of Am.,*

*Inc.*, No. 6:14-cv-376-Orl-37DAB, 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015) (granting a motion to file under seal documents that contained confidential information about the party's business operations and confidential and competitively sensitive information); *D'Aprile v. Unum Life Ins. Co. of Am.*, No. 209-CV-270-FTM-36SPC, 2010 WL 2509871 at *1 (M.D. Fla. June 18, 2010) (permitting the exhibit to be filed under seal because both parties consented to the sealing of the information and asserted the information to be sealed constituted a trade secret).

Therefore, Honeywell established that filing the items are necessary, sealing the items are necessary, and that using a redaction, pseudonym, or a means other than sealing is unsatisfactory. *See* Local Rule 1.11(b) M.D. Fla.

Accordingly, Honeywell's motion to file Exhibit A and Exhibit C under seal (Doc. 16) is **GRANTED**.[2] Honeywell is directed immediately to file under seal unredacted versions of Exhibit A and C. Absent a future order to the contrary, these documents will remain under seal until ninety days after the case is closed and all appeals exhausted. *See* Local Rule 1.11(e), M.D. Fla. To prevent the content of a sealed item from appearing on the docket after the

[2] The court notes that an exhibit sealed in relation to a motion does not automatically remain sealed for the purpose of trial. Courts exercise discretion in determining whether sealed exhibits should remain confidential during trial. In *F.T.C. v. AbbVie Products LLC*, the court unsealed previously sealed documents after comparing the parties' interests and determining that the sensitivity of the information had diminished over time. 713 F.3d 54, 71 (2013).

seal expires, a party or interested non-party must move for relief before the seal expires. *Id.*

**ORDERED** in Tampa, Florida, on August 6, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge