**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HONEYWELL INTERNATIONAL INC. et al.,

Plaintiffs,

v. Case No: 8:26-cv-2146-KKM-AAS

GARY ARMITAGE,

Defendant.

---

**ORDER**

The plaintiffs, Honeywell International Inc. and Honeywell LNG LLC, and defendant Gary Armitage filed a "notice of resolution" advising "the Court that the parties have agreed to fully resolve this civil action by stipulating to the terms of a permanent injunction." Notice (Doc. 30) at 1. The parties also filed a "stipulated final judgment," which includes a permanent injunction against Armitage, signed by both sides. Stip. Judgment (Doc. 30-1). The parties appear to seek entry of the stipulated judgment by the Court before the temporary restraining order expires on August 18, 2026. *See* Notice at 2. Because the parties make the resolution of the action contingent on the entry of the requested permanent injunction, the Court construes the notice and the stipulated judgment as a motion for entry of final consent judgment.

Several obstacles prevent the Court from entering the requested injunction. First, at this stage, there are only verified allegations by Honeywell without any response by Armitage, and the Court has not yet held a hearing to make preliminary factual findings. As such, the parties must supply the factual basis for a federal court to award the requested relief. As presented in the "notice of resolution," there are no stipulated facts or admissions by the defendant to any of the complaint's allegations. This is particularly problematic because the proposed final judgment seeks forward-looking injunctive relief of several kinds, each of which requires a factual predicate. *See* FED. R. CIV. P. 65(d)(1)(A). To provide an example, assuming Armitage admits that he took Honeywell's trade secrets and complies with the terms of the agreement to take "immediate" actions such as returning the trade secrets, destroying copies that cannot be physically returned, and removing any public posts, it is unclear which facts allow the Court to enjoin Armitage from future "conduct that constitutes or facilitates the misappropriation of Honeywell's trade secrets" or would provide grounds for concluding that Honeywell faces a threat of certainly impending irreparable injury. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013); Stip. Judgment ¶ 2.

Second, and related to the above, some terms in the stipulated judgment appear incongruent with Federal Rule of Civil Procedure 65(d) and Eleventh Circuit caselaw, namely running afoul of impermissible "obey-the-law"

injunctions. *See* Stip. Judgment ¶¶ 1–2; *Elend v. Basham*, 471 F.3d 1199, 1210 (11th Cir. 2006) ("It is well-established in this circuit that an injunction demanding that a party do nothing more specific than "obey the law" is impermissible."). The stipulated judgment would enjoin Armitage from "using, disclosing, disseminating, or otherwise exploiting trade secrets belonging to [Honeywell]." Stip. Judgment ¶ 1. The law already forbids that conduct. To be sure, the facts (if admitted) supporting the temporary restraining order warrant much of the specific relief requested, including requiring the return of the trade secrets obtained from the Port Manatee facility, destroying copies of the same, and identifying all recipients of the trade secrets, but the broad prohibition on not misappropriating trade secrets goes beyond what those facts necessitate in terms of equitable relief permitted under Article III.

Finally, and most importantly for purposes of enforcement, the "obey-the-law" terms lack the specificity required by Rule 65(d) for purposes of holding Armitage in contempt should he potentially defy the permanent injunction. *See* FED. R. CIV. P. 65(d)(1)(B); *S.E.C. v. Goble*, 682 F.3d 934, 950 (11th Cir. 2012) ("The specificity requirements of Rule 65(d) are designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood. . . . An injunction should clearly let defendant know what he is ordered to do or not to do. A court order should be phrased in

terms of objective actions, not legal conclusions." (citation modified)). For example, some of the broadest language in the agreement does not limit misappropriation to the trade secrets that Armitage allegedly procured from the Port Manatee facility. Nor does the agreement, by its terms, limit the manner in which Armitage may not misappropriate any trade secret. To be sure, federal law prohibits all misappropriation of any trade secret; but, because violating an injunction and the consequent contempt proceedings truncates the procedure due a defendant, Rule 65 and caselaw require specificity and clarity.

Accordingly, the construed motion for entry of final consent judgment is **DENIED without prejudice**. Honeywell may file a Rule 41(a)(1)(A)(i) notice of dismissal or the parties may file a Rule 41(a)(1)(A)(ii) stipulation, neither of which requires the Court to enter a final judgment adjudicating the merits between the parties. Under either scenario, the parties can rely on a private settlement agreement and a breach of contract action to enforce the agreement, if needed. Alternatively, the parties may submit a motion for entry of final consent judgment, including an injunction, and establish proper grounds for entry of such an injunction.

In the light of the parties' apparent agreement and the absence of a timely response by Armitage to the motion for a preliminary injunction, the evidentiary hearing on August 17, 2026, is **CANCELLED**. No later than

**August 17, 2026**, the parties must file a notice informing the Court how they wish to proceed.

**ORDERED** in Tampa, Florida, on August 14, 2026.

Kathryn Kimball Mizelle
United States District Judge