**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HONEYWELL INTERNATIONAL INC. et al.,

Plaintiffs,

v. Case No: 8:26-cv-2146-KKM-AAS

GARY ARMITAGE,

Defendant.

---

**ORDER**

The plaintiffs, Honeywell International Inc. and Honeywell LNG LLC, move unopposed for entry of a final consent judgment with an injunction against Defendant Gary Armitage. *See* Mot. (Doc. 41). Honeywell began this action on July 27, 2026, and moved ex parte for a temporary restraining order against Armitage based on allegations that he had misappropriated trade secrets belonging to Honeywell. *See* Compl. (Doc. 1); Mot. for TRO (Doc. 2). I granted the motion and entered a temporary restraining order against Armitage on August 4, 2026. *See* TRO (Doc. 11).

Following the entry of the temporary restraining order but before a preliminary injunction hearing, the parties agreed to resolve this action through the entry of a consent judgment and injunction against Armitage. But,

among other issues, their initial motion seeking that injunction did not provide a "factual basis for a federal court to award the requested relief." *See* Order on Construed Consent Judgment Mot. (Doc. 31) at 2; Construed Consent Judgment Mot. (Doc. 30). Honeywell renews its motion, and Armitage admits to misappropriating Honeywell's trade secrets and consents to the entry of the judgment and injunction. *See* Mot. at 19–21; Armitage Aff. (Doc. 41-3) ¶¶ 2–6, 10, 14 (describing the acts he took to misappropriate the trade secrets and agreeing to the requested relief).

For consent judgments that include injunctive relief, a court must make a "determination that the proposal represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation." *Stovall v. City of Cocoa*, 117 F.3d 1238, 1242 (11th Cir. 1997) (quoting *United States v. City of Miami*, 664 F.2d 435, 440–41 (Former 5th Cir. Dec. 1981) (en banc) (Rubin, J., concurring in the per curiam judgment)). Additionally, consent judgment or not, a district court must abide by Rule 65(d)'s "requirement that injunctions state their terms specifically and 'describe in reasonable detail' the 'act or acts restrained or required' " in determining whether to enter proposed injunctive relief. *United States v. Askins & Miller Orthopaedics, P.A.*, 924 F.3d 1348, 1361 (11th Cir. 2019)

(quoting Federal Rule of Civil Procedure 65(d)); *see also SEC v. Goble*, 682 F.3d 934, 948–52 (11th Cir. 2012).

Upon review of the renewed motion and the accompanying affidavit from Armitage, I conclude that the requested injunction complies with Rule 65(d) and that entry of the consent judgment would be fair, reasonable, and lawful. *See Stovall*, 117 F.3d at 1240, 1242.

Accordingly, the following is **ORDERED:**

1. Honeywell's Unopposed Motion for Entry of Final Consent Judgment (Doc. 41) is **GRANTED**.
2. The Clerk is directed to **ENTER JUDGMENT** for Honeywell and against Armitage, which shall read:
   a. "Judgment is entered in favor of Honeywell International Inc. and Honeywell LNG LLC and against Gary Armitage."
   b. "Gary Armitage is **PERMANENTLY ENJOINED** in the following manner—he must immediately refrain from further disclosure of the trade secrets that he misappropriated from Honeywell; he must delete any of Honeywell's trade secrets that still exist in his electronic possession in any form, including any images that may have been backed up, such as to the Cloud, whether deliberately or inadvertently; and he must destroy any

reproduced images of Honeywell's trade secrets in his physical possession. The trade secrets include but are not limited to all photographs taken within restricted spaces at the Port Manatee facility or that depict confidential blueprints. Also included are any documents, photographs, or data that depict or contain non-public information regarding Honeywell's coil-wound heat exchangers or other products developed at the Port Manatee facility or non-public components, processes, designs, and configurations of such products or that are used to manufacture such products."

3. Honeywell's motion for preliminary injunction (Doc. 15) is **DENIED as moot**.

4. The Clerk is further directed to **CLOSE** this case and **TERMINATE** any pending motions, hearings, or deadlines.

**ORDERED** in Tampa, Florida, on August 24, 2026.

Kathryn Kimball Mizelle
United States District Judge